UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                          ) | 21-CR-31-SM |
| ) | |
| ) | |
| ROBERT GRAMOLINI             ) | |
| ) | |

Defendant's Sentencing Memorandum

Robert Gramolini respectfully submits this memorandum in support of the Rule 11(c)(1)(C) agreement to a sentence of twenty-four months, followed by two years of supervised release.

In support of this sentencing recommendation, the defense requests that the Court consider the following.[1]

Procedural History

Mr. Gramolini was arrested almost two years ago. He entered his guilty plea more than a year ago. Sentencing has been continued repeatedly because of his health issues. The defense

---

[1] In the advisory guidelines regime, the framework for sentencing is well-established: The court "shall impose a sentence sufficient, but not greater than necessary," to accomplish the purposes of sentencing, considering "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" as well as the applicable guideline sentencing range.  18 U.S.C. §3553(a). The applicable guideline sentencing range, is "the starting point and initial benchmark. " *Gall v. United States*, 552 U.S. 38, 49 (2007). "The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented." *Id*. at 49-50.

is not requesting another continuance of the sentencing hearing, but will be requesting an extension of the time to report to the BOP to allow for any remaining medical appointments and procedures. Mr. Gramolini requests a recommendation that he be designated to serve his sentence at a federal medical center, and if at all possible, specifically at FMC Devens.

History and Characteristics of Mr. Gramolini

The most relevant aspect of sixty-four-year-old Robert Gramolini's personal history and circumstances is his poor health. As a letter from his physician, attached to this memorandum, states, the medical conditions from which Mr. Gramolini suffers include "Coronary artery disease, hypertension, acid reflux, hyperlipidemia, ADD, benign prostatic hyperplasia, hypogonadism, chronic constipation, gallbladder stone, chronic right shoulder pain, chronic left lower extremity pain with leg length discrepancy, hearing loss, right hip pain, chronic left toe pain, history of Guillain barre syndrome, hernia, lipoma of the neck and colon polyps."

In recent months, his health issues have only become more serious. Mr. Gramolini was scheduled for leg surgery in May 2022. The surgery was postponed, however, to obtain an updated CT scan. After further delays, in October 2022, Mr. Gramolini was informed by his surgeon that amputation may be a better option. The surgeon advised Mr. Gramolini to obtain a second opinion. In December 2022, Mr. Gramolini was fit with braces to alleviate the pain and potentially avoid the amputation. At the same time, Mr. Gramolini began to develop significant pain in his neck and arms, which required an MRI, scheduled for December 29, 2022, and follow-up appointments in January 2023. Mr. Gramolini continues to experience significant and ongoing pain.

The PSR and the Advisory Sentencing Guidelines

The PSR calculates the Guidelines Sentencing Range ("GSR") at 30-37 months. This range is based on an offense level calculation to which the defense has raised two objections. One is to the loss amount, the other to the number of victims. At the plea colloquy, Mr. Gramolini admitted criminal responsibility as to two of three trailers referenced in the indictment, MA-1 and MA-2 in the notation used in the PSR. The defense objects to consideration at sentencing of the loss amount relating to the other trailer, MA-3. As the PSR notes, Mr. Gramolini's (now-deceased) girlfriend, "stated that she borrowed it from a then-deceased friend who had received the trailer from a boyfriend who worked at a U-Haul facility. She said when her girlfriend died, she did not know what to do with it and just let it sit there." PSR ¶ 23. The government bears the burden of establishing at the sentencing hearing by a preponderance of the evidence that the MA-3 and NH losses and victims listed in the PSR are attributable for offense level calculation purposes to Mr. Gramolini. If these items are not counted, the GSR would be 15-21 months (OL 10, CHC IV).

A Sentence Sufficient but not Greater than Necessary

A just sentence is necessarily an individualized sentence. Even when the guidelines were mandatory, the Supreme Court recognized that it is "for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996).

Age, where it is a source of infirmity, and poor health, where it distinguishes a case from the typical case covered by the guidelines, are recognized grounds for a departure.  *See* U.S.S.G. §5H1.1; 5H1.4.  Moreover, these are "potentially mitigating factors" that the Court should consider at sentencing under Section 3553(a). *See United States v. Ruiz-Huertas*, 792 F.3d 223, 227 (1st Cir. 2015) (no sentencing error given that the district court acknowledged factors including age and health immediately before imposing sentence).

Here, even if the Court ultimately adopts the PSR's calculation, the negotiated sentence amounts to a modest variance. As that sentence is reasonable and justifiable, and is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing, 18 U.S.C §3553(a), the Court should impose it.

    Respectfully submitted,

    */s/ Behzad Mirhashem*
    Behzad Mirhashem
    N.H. Bar #10031

## CERTIFICATE OF SERVICE

     I hereby certify that on February 3, 2023, the above document was served electronically upon all counsel of record through the CM/ECF filing system.

<u>/s/ *Behzad Mirhashem*</u>
Behzad Mirhashem